IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action No. 3:14-cv-00307-TAV-CCS |
| ) | |
| RELYANT, LLC, DANIEL J. SMITH, ) | |
| AND DONALD M. PATTON ) | |
| ) | |
| DEFENDANTS. ) | |

## ANSWER

Come now, Relyant, LLC ("Relyant"), Daniel J. Smith ("Mr. Smith") and Donald M. Patton ("Mr. Patton" and, along with Mr. Smith, collectively the "Guarantors") and in Answer to the Complaint filed by Plaintiff states as follows:

1. The allegations contained in Paragraph 1 of the Complaint are admitted upon information and belief.

2. In response to Paragraph 2 of the Complaint, Defendants admit that Relyant is a limited liability company organized under the laws of the State of Florida and had a principal office at 1009 Hampshire Dr., Maryville, Blount County, Tennessee. Although Relyant has changed its agent for service of process, service is not an issue in this case.

3. Defendants admit the allegations in Paragraph 3 in the Complaint.

4. Defendants admit the allegations in Paragraph 4 in the Complaint.

5. In response to Paragraph 5 of the Complaint, Defendants admit that jurisdiction is proper in this Court.

6. In response to Paragraph 6 of the Complaint, Defendants admit that venue is proper in this Court.

7. In response to Paragraph 7 of the Complaint, Defendants admit that Exhibit A is a true and exact copy of the Loan Agreement between Plaintiff and Relyant. The Loan Agreement speaks for itself regarding its terms.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Exhibit B contains true and exact copies of amendments to the Loan Agreement. Defendants further admit that the maximum principal amount of the line of credit was increased to $4,000,000.00 and that the line of credit was extended to March 31, 2013.

9. In response to Paragraph 9 of the Complaint, Defendants admit that Exhibit C contains true and exact copies of Guaranties signed by Guarantors. The Guaranties speak for themselves regarding their written terms, but Defendants deny the enforceability, validity and extent thereof of the Guaranties as alleged by Plaintiff.

10. The allegations in Paragraph 10 of the Complaint do not invite a response from Defendants.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint upon information and belief.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Relyant did not satisfy the terms of the Loan Agreement.

13. In response to Paragraph 13 of the Complaint, Defendants would state that the written terms of the Loan Documents speak for themselves but Defendants deny the enforceability, validity and extent thereof of the Guaranties as alleged by Plaintiff.

14. In response to Paragraph 14 of the Complaint, Defendants admit that a portion of Relyant's indebtedness to Plaintiff remains unpaid at this time but deny the amount claimed by Plaintiff and demand a strict accounting of the application of payments and proceeds to the line of credit.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint and demand strict proof thereof.

16. Mr. Smith denies the allegations set forth in Paragraph 16 of the Complaint and demands strict proof thereof.

17. Mr. Patton denies the allegations set forth in Paragraph 17 of the Complaint and demands strict proof thereof.

18. The allegations contained in Paragraph 18 of the Complaint do not invite a response from the Defendants.

19. In response to Paragraph 19 of the Complaint, Relyant admits that there is an unpaid balance and accrued interest owing under the Loan Agreement, but denies the amount thereof. The Guarantors deny liability to Plaintiffs.

20. The allegations contained in Paragraph 20 of the Complaint do not invite a response from the Defendants.

21. In response to Paragraph 21 of the Complaint, Defendants aver that the alleged Loan Documents speak for themselves.

## **AFFIRMATIVE DEFENSES**

Defendants would further assert and show this honorable Court the following affirmative defenses:

22. The Plaintiffs are not entitled to the relief sought in their Complaint because they have failed to state a claim upon which relief can be granted.

23. Plaintiff's Complaint should be dismissed because the Loan Documents provide that any claims shall be resolved through arbitration administered by the American Arbitration Association upon the request of any party [See Docs 1-1 at page 16 and 1-3 at pages 7-8 and 18-19], and Defendants prefer to arbitrate this matter.

24. The Guaranties are "limited" obligations under which Guarantors' respective maximum liabilities were intended to be restricted to agreements, documents and instruments dated September 2, 2011. Because there are no agreements, documents and instruments dated September 2, 2011, the Guaranties are null and void.

25. Plaintiff has acted in bad faith and violated the covenant of good faith and fair dealing in the collection of the loan at issue.

26. The foreclosure of collateral was not conducted properly or in a commercially reasonable manner in violation of Tennessee law, including T.C.A sections 35-5-101, et. seq. and 47-9-607.

27. In addition, Plaintiff disposed of real estate, bank accounts, tangible personal property, intangible property as part of a single foreclosure transaction for substantially less than their combined fair market value.

28. Defendants aver that notice of the sale of the collateral was not properly given.

29. Pursuant to T.C.A. section 47-9-626, Defendants hereby give notice that Plaintiff's collection, enforcement, disposition, and acceptance are at issue and Defendants aver that their liability for any alleged deficiency should be limited as provided therein.

30. Plaintiff has not given Defendants proper credit for payments and proceeds from the foreclosure of Relyant's assets.

31. Defendants reserve the right to amend their answer to plead any further defenses which may be revealed during discovery or any other phase of this case.

32. Defendants reserve the right to amend their Answer to add the foreclosing trustee as a third party defendant upon discovery of violations of T.C.A. section 35-5-101, et seq.

Wherefore, having fully answered, Defendants request this Honorable Court to dismiss the Plaintiff's Complaint, adjudge the costs against the Plaintiff, and Defendants be granted such other and further relief to which they may be entitled.

Respectfully submitted this 5th day of September, 2014.

/s/ James H. Price
James H. Price
W. Allen McDonald
Lacy, Price & Wagner, P.C.
249 N. Peters Road, Suite 101
Knoxville, TN 37923
(865) 246-0800
Attorney for the Defendants

CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ James H. Price